# EXHIBIT 1

Clerk of the Superior Court
*** Electronically Filed ***
G. Roa, Deputy
10/23/2020 9:08:41 AM
Filing ID 12139337

Troy P. Foster
Megan N. Weides
**The Foster Group, PLLC**
902 W. McDowell Road
Phoenix, Arizona 85007
Tel: 602-461-7990
tfoster@thefosterlaw.com
mweides@thefosterlaw.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# IN THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cody Sutton, an individual, | Case No.: **CV2020-013484** |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| | **(Jury Trial Demanded)** |
| Target Corporation, a foreign corporation, | |
| Defendants. | |

For his Complaint against Target Corporation ("the Company"), Mr. Cody Sutton ("Plaintiff") alleges as follows:

## Introduction

Defendant retaliated against Plaintiff after he took statutorily protected FMLA leave by taking adverse action against him, impeding his promotional opportunities with the Company, and interfering with his leave rights. Immediately after Plaintiff took statutorily-protected FMLA leave, the Company's manager grilled Plaintiff about his FMLA leave, denied him a pending transfer, and made clear that Plaintiff would not advance because of his leave and the manager's dislike for the exercise of this statutorily-protected right. Plaintiff was constructively discharged.

These are precisely the circumstances that the FMLA was contemplated to assist employees like Plaintiff. Giving him leave, keeping his job available, not interfering with

his livelihood or negatively impacting his employment – so that the Plaintiff could focus on getting better and returning to a stable environment. Instead, Defendant ignored these laws, and retaliated against him for exercising these statutory protections.

**Background Allegations and Jurisdiction**

1.   At all times relevant to this Complaint, Mr. Sutton resided in and is a citizen of the State of Arizona.

2.   At all times relevant to this Complaint, Mr. Sutton worked for the Company.

3.   At all times relevant to this Complaint, the Company was a corporation authorized to conduct, and was conducting, business in the State of Arizona.

4.   The Company hired Plaintiff as a Seasonal Logistics Team Member in 2011.

5.   At the time of his separation from the Company, Plaintiff was employed as an Executive Team Leader in the Asset Protection Department.

6.   The Company employs 500 or more employees.

7.   The Company is subject to the Family Medical Leave Act ("FMLA").

8.   At some point during his employment, Plaintiff had a serious medical condition and was eligible for leave pursuant to the FMLA.

9.   The Company is an employer as defined in the FMLA.

10.  Plaintiff was an employee as defined in the FMLA.

11.  Jurisdiction and venue are appropriate in this Court.

**Stepping Down and Stepping Back**

12.  During his employment, Plaintiff performed exceedingly well.

13.  The Company provided Plaintiff with several accolades, promotions, and raises throughout his tenure.

14.  In early 2020, Plaintiff was on track for another promotion, for the Assets Protection Business Partner role.

15.  In March, Plaintiff was experiencing some health issues and decided that pursing another promotion was not in his best interest at that time.

2

16.     Plaintiff informed his supervisor, Derek Owen, that he wished to withdraw himself from consideration of this role.

17.     Plaintiff also informed Mr. Owen that he would be relocating to Tucson, Arizona on August 1, 2020.

18.     As part of the relocation, Plaintiff requested to be transferred to the Tucson store as a Team Leader, a demoted role, but he stated would be willing to accept other positions, including his current one as an Executive Team Leader.

19.     On April 7, 2020, Mr. Owen agreed to the transfer, but only if he remained in the Executive Team Leader role in Asset Protection.

20.     Plaintiff had previously expressed that he was trying to leave Asset Protection and reminded Mr. Owen of this, to no avail.

21.     This continued dialogue between Plaintiff and Mr. Owen exacerbated Plaintiff's medical condition to a point that he could no longer work.

22.     Plaintiff subsequently requested to take statutorily protected leave pursuant to the FMLA.

23.     The Company granted Plaintiff's request and Plaintiff was granted leave from May 1 through June 1, 2020.

24.     Plaintiff renewed this request, which was approved and extended through July 1, 2020.

25.     Shortly before Plaintiff was scheduled to return to work, he spoke with Mr. Owen about what he had missed while on leave.

26.     Plaintiff explained he took FMLA because of a mental breakdown over the promotion situation and stated he regretted telling Mr. Owen that he wanted to step down.

27.     Mr. Owen seemed receptive and agreed to talk to Plaintiff more about it once he returned to work.

### Return to Work and the Tables Turned

28.     On July 2, 2020, Plaintiff and Mr. Owen met to discuss his transfer.

3

29.    Plaintiff confirmed his moving date was still August 1, and that he did not want to be transferred to a position within Asset Protection.

30.    Mr. Owen responded that since Plaintiff did not want to transfer within Asset Protection, there was nothing he could do to help, and Plaintiff would have to figure it out on his own.

31.    Mr. Owen gave Plaintiff the name of HR representative ("HR Rep") in Tucson and instructed him to contact her.

32.    Plaintiff immediately called the HR Rep and had to leave a voicemail, which was not returned for a full 24-hours.

33.    Once the HR Rep contacted Plaintiff, she informed him that a "Meet and Greet" Zoom call had been scheduled with herself and the District Senior Director of Tucson for July 17, 2020.

34.    On July 17, Mr. Owen claimed he was unaware of Plaintiff's scheduled call and stated this was not a "for sure" endeavor.

35.    Mr. Owen went on to say that he had spoken to the Director and she wanted an explanation as to why Plaintiff would request a transfer then go on a leave of absence for 2 months without telling your boss about it[1].

36.    Mr. Owen also stated she wanted to know he would give up the opportunity to be promoted to a Business Partner (the promotion he withdrew from).

37.    Plaintiff went into a separate office so he could begin his Zoom call.

38.    The first thing the Director asked was for Plaintiff to walk her through the conversation with Mr. Owen when he informed him that he did not want the Business Partner promotion.

39.    The Director mentioned that she remembered Plaintiff had requested a transfer quite some time ago, but that she was unable to talk to him about it because he went on a leave of absence.

---

[1] Plaintiff never requested leave from Mr. Owen or told him that he was seeking leave- something he is not required to do and preferred not to do as Mr. Owen was a known gossiper.

4

40.   The Director then asked, "what makes you think you can go on a leave of absence for 2 months without telling your boss why you were leaving?"

41.   Plaintiff was so taken aback by the question that he revealed that he suffers from PTSD and needed time off to treat it.

42.   Unfazed by his answer, the Director asked to give more details about his conversation about stepping down with Mr. Owen, wanting to know what he specifically had said.

43.   Plaintiff mentioned that Asset Protection was not his passion.

44.   The Director asked if he was looking for employment outside of the Company, which he denied stating Target was his only plan.

45.   Very few questions were asked about Plaintiff's experience and qualifications for the job.

### Textbook FMLA Retaliation

46.   On July 22, 2020, Plaintiff received a text from Mr. Owen stating he had feedback from the Meet and Greet.

47.   Plaintiff immediately called Mr. Owen who informed him that the transfer had been denied because he did not provide enough notice and there were no executive or Team Leader positions available.

48.   Plaintiff stated that he believed he was being harassed over his leave of absence and retaliated against because of it.

49.   Plaintiff then asked Mr. Owen if the denial had anything to do with him withdrawing from the promotion.

50.   Mr. Owen denied that, stating he is the one who made the introduction of him to the Director in Tucson.

51.   On July 24, 2020, Plaintiff worked his last day at the Phoenix store location.

52.   Feeling stressed and anxious about his situation, Plaintiff requested additional FMLA, which was approved through September 30, 2020.

1       53.   On October 1, 2020, Plaintiff was constructively discharged from the

2   Company as he could not tolerate working with Mr. Owen after he had interfered with his

3   transfer or commuting from Tucson almost every day.

### Allegations Concerning Damages

4       54.   As a result of Defendant's actions, Plaintiff's medical condition worsened.

5       55.   Stress exacerbates Plaintiff's condition.

6       56.   Plaintiff's constructive discharge eliminated his future income and resulted in

7   a loss of wages.

8       57.   Plaintiff's constructive discharge, and the resulting stress, has made finding

9   replacement employment difficult.

10       58.   Plaintiff has suffered emotional distress, lost wages, and compensatory

11   damages as a result of Defendant's actions – both before and because of denial of his

12   transfer and constructive discharge.

### LEGAL CLAIMS

13

### Count One:  FMLA Interference

14       59.   Plaintiff reincorporates all allegations in paragraphs 1-58, as well as the

15   Introduction, as if fully set forth here.

16       60.   The Company is a covered employer under the statute.

17       61.   At the time of his request, Plaintiff had been employed with the Company for

18   more than a year.

19       62.   At the time of his request, Plaintiff had worked more than 1250 hours in the

20   previous respective years.

21       63.   Plaintiff suffered from a serious medical condition.

22       64.   Plaintiff was a qualified employee under the statute and entitled to FMLA.

23       65.   Plaintiff was denied the store transfer that Mr. Owen had initially been

assisting with, then refused to help with after Plaintiff took FMLA leave.

24       66.   Mr. Owen's refusal to help and the transfer denial are related to Plaintiff's

25   exercise of his FMLA rights.

1    67.    Defendant's actions damaged Plaintiff.

2    68.    As a result, Plaintiff is entitled to back pay, front pay, consequential damages, and attorneys' fees and costs.

### Count Two: FMLA Retaliation

69.    Plaintiff reincorporates all allegations in paragraphs 1-68, as well as the Introduction, as if fully set forth here.

70.    Plaintiff engaged in protected activity when he requested to exercise his FMLA rights and when he took FMLA leave.

71.    Once he returned from leave, his interview for the store transfer became an interrogation about his protected leave of absence.

72.    Plaintiff was ultimately denied the transfer and suffered additional adverse action.

73.    The transfer denial was a direct result of Plaintiff taking FMLA leave.

74.    Defendant's actions were intentional.

75.    Defendant's unlawful actions damaged Plaintiff.

76.    Plaintiff is entitled to back pay, front pay, consequential damages, and his attorneys' fees and costs.

### Conclusion

**THEREFORE**, Plaintiff respectfully requests the following relief:

A.  A judgment in his favor against the Defendant;

B.  An award of back pay, front pay, and compensatory damages;

C.  Injunctive relief against the Company to prohibit future violations of the FMLA;

D.  Pre- and post-judgment interest on award;

E.  Reasonable attorneys' fees and costs; and

F.  All other appropriate equitable relief.

**DATED** this 23rd day of October, 2020.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**The Foster Group, PLLC**

/s/ *Megan Weides*

Troy P. Foster
Megan Weides
902 W. McDowell Road
Phoenix, Arizona 85007
*Counsel for Plaintiff*

8

# EXHIBIT 2

Troy P. Foster
Megan N. Weides
**The Foster Group, PLLC**
902 W. McDowell Road
Phoenix, Arizona 85007
Tel: 602-461-7990
tfoster@thefosterlaw.com
mweides@thefosterlaw.com
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## IN THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cody Sutton, an individual, | Case No.: CV2020-013484 |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Target Corporation, a foreign corporation, | **(Jury Trial Demanded)** |
| Defendants. | |

For his Complaint against Target Corporation ("the Company"), Mr. Cody Sutton ("Plaintiff") alleges as follows:

### Introduction

Defendant retaliated against Plaintiff after he took statutorily protected FMLA leave by taking adverse action against him, impeding his promotional opportunities with the Company, and interfering with his leave rights. Immediately after Plaintiff took statutorily-protected FMLA leave, the Company's manager grilled Plaintiff about his FMLA leave, denied him a pending transfer, and made clear that Plaintiff would not advance because of his leave and the manager's dislike for the exercise of this statutorily-protected right. Plaintiff was constructively discharged.

These are precisely the circumstances that the FMLA was contemplated to assist employees like Plaintiff. Giving him leave, keeping his job available, not interfering with

1

1    his livelihood or negatively impacting his employment – so that the Plaintiff could focus on

2    getting better and returning to a stable environment.  Instead, Defendant ignored these laws,

3    and retaliated against him for exercising these statutory protections.

4                          **Background Allegations and Jurisdiction**

5            1.      At all times relevant to this Complaint, Mr. Sutton resided in and is a citizen

     of the State of Arizona.

6            2.      At all times relevant to this Complaint, Mr. Sutton worked for the Company.

7            3.      At all times relevant to this Complaint, the Company was a corporation

8    authorized to conduct, and was conducting, business in the State of Arizona.

9            4.      The Company hired Plaintiff as a Seasonal Logistics Team Member in 2011.

10           5.      At the time of his separation from the Company, Plaintiff was employed as an

11   Executive Team Leader in the Asset Protection Department.

12           6.      The Company employs 500 or more employees.

13           7.      The Company is subject to the Family Medical Leave Act ("FMLA").

             8.      At some point during his employment, Plaintiff had a serious medical
14
     condition and was eligible for leave pursuant to the FMLA.
15
             9.      The Company is an employer as defined in the FMLA.
16
             10.     Plaintiff was an employee as defined in the FMLA.
17
             11.     Jurisdiction and venue are appropriate in this Court.
18
                               **Stepping Down and Stepping Back**
19
             12.     During his employment, Plaintiff performed exceedingly well.
20
             13.     The Company provided Plaintiff with several accolades, promotions, and
21
     raises throughout his tenure.

22           14.     In early 2020, Plaintiff was on track for another promotion, for the Assets

     Protection Business Partner role.
23
             15.     In March, Plaintiff was experiencing some health issues and decided that
24
     pursing another promotion was not in his best interest at that time.
25

                                                    2

1      16.    Plaintiff informed his supervisor, Derek Owen, that he wished to withdraw

2  himself from consideration of this role.

3      17.    Plaintiff also informed Mr. Owen that he would be relocating to Tucson,

Arizona on August 1, 2020.

4

      18.    As part of the relocation, Plaintiff requested to be transferred to the Tucson

5  store as a Team Leader, a demoted role, but he stated would be willing to accept other

6  positions, including his current one as an Executive Team Leader.

7      19.    On April 7, 2020, Mr. Owen agreed to the transfer, but only if he remained in

8  the Executive Team Leader role in Asset Protection.

9      20.    Plaintiff had previously expressed that he was trying to leave Asset Protection

10  and reminded Mr. Owen of this, to no avail.

11      21.    This continued dialogue between Plaintiff and Mr. Owen exacerbated

12  Plaintiff's medical condition to a point that he could no longer work.

13      22.    Plaintiff subsequently requested to take statutorily protected leave pursuant to

the FMLA.

14

      23.    The Company granted Plaintiff's request and Plaintiff was granted leave from

15  May 1 through June 1, 2020.

16      24.    Plaintiff renewed this request, which was approved and extended through July

17  1, 2020.

18      25.    Shortly before Plaintiff was scheduled to return to work, he spoke with Mr.

19  Owen about what he had missed while on leave.

20      26.    Plaintiff explained he took FMLA because of a mental breakdown over the

promotion situation and stated he regretted telling Mr. Owen that he wanted to step down.

21

      27.    Mr. Owen seemed receptive and agreed to talk to Plaintiff more about it once

22  he returned to work.

23

**Return to Work and the Tables Turned**

24      28.    On July 2, 2020, Plaintiff and Mr. Owen met to discuss his transfer.

25

3

29.     Plaintiff confirmed his moving date was still August 1, and that he did not want to be transferred to a position within Asset Protection.

30.     Mr. Owen responded that since Plaintiff did not want to transfer within Asset Protection, there was nothing he could do to help, and Plaintiff would have to figure it out on his own.

31.     Mr. Owen gave Plaintiff the name of HR representative ("HR Rep") in Tucson and instructed him to contact her.

32.     Plaintiff immediately called the HR Rep and had to leave a voicemail, which was not returned for a full 24-hours.

33.     Once the HR Rep contacted Plaintiff, she informed him that a "Meet and Greet" Zoom call had been scheduled with herself and the District Senior Director of Tucson for July 17, 2020.

34.     On July 17, Mr. Owen claimed he was unaware of Plaintiff's scheduled call and stated this was not a "for sure" endeavor.

35.     Mr. Owen went on to say that he had spoken to the Director and she wanted an explanation as to why Plaintiff would request a transfer then go on a leave of absence for 2 months without telling your boss about it[1].

36.     Mr. Owen also stated she wanted to know he would give up the opportunity to be promoted to a Business Partner (the promotion he withdrew from).

37.     Plaintiff went into a separate office so he could begin his Zoom call.

38.     The first thing the Director asked was for Plaintiff to walk her through the conversation with Mr. Owen when he informed him that he did not want the Business Partner promotion.

39.     The Director mentioned that she remembered Plaintiff had requested a transfer quite some time ago, but that she was unable to talk to him about it because he went on a leave of absence.

---

[1] Plaintiff never requested leave from Mr. Owen or told him that he was seeking leave- something he is not required to do and preferred not to do as Mr. Owen was a known gossiper.

4

40.     The Director then asked, "what makes you think you can go on a leave of absence for 2 months without telling your boss why you were leaving?"

41.     Plaintiff was so taken aback by the question that he revealed that he suffers from PTSD and needed time off to treat it.

42.     Unfazed by his answer, the Director asked to give more details about his conversation about stepping down with Mr. Owen, wanting to know what he specifically had said.

43.     Plaintiff mentioned that Asset Protection was not his passion.

44.     The Director asked if he was looking for employment outside of the Company, which he denied stating Target was his only plan.

45.     Very few questions were asked about Plaintiff's experience and qualifications for the job.

### Textbook FMLA Retaliation

46.     On July 22, 2020, Plaintiff received a text from Mr. Owen stating he had feedback from the Meet and Greet.

47.     Plaintiff immediately called Mr. Owen who informed him that the transfer had been denied because he did not provide enough notice and there were no executive or Team Leader positions available.

48.     Plaintiff stated that he believed he was being harassed over his leave of absence and retaliated against because of it.

49.     Plaintiff then asked Mr. Owen if the denial had anything to do with him withdrawing from the promotion.

50.     Mr. Owen denied that, stating he is the one who made the introduction of him to the Director in Tucson.

51.     On July 24, 2020, Plaintiff worked his last day at the Phoenix store location.

52.     Feeling stressed and anxious about his situation, Plaintiff requested additional FMLA, which was approved through September 30, 2020.

53.     On October 1, 2020, Plaintiff was constructively discharged from the Company as he could not tolerate working with Mr. Owen after he had interfered with his transfer or commuting from Tucson almost every day.

### Allegations Concerning Damages

54.     As a result of Defendant's actions, Plaintiff's medical condition worsened.

55.     Stress exacerbates Plaintiff's condition.

56.     Plaintiff's constructive discharge eliminated his future income and resulted in a loss of wages.

57.     Plaintiff's constructive discharge, and the resulting stress, has made finding replacement employment difficult.

58.     Plaintiff has suffered emotional distress, lost wages, and compensatory damages as a result of Defendant's actions – both before and because of denial of his transfer and constructive discharge.

### LEGAL CLAIMS

### Count One:  FMLA Interference

59.     Plaintiff reincorporates all allegations in paragraphs 1-58, as well as the Introduction, as if fully set forth here.

60.     The Company is a covered employer under the statute.

61.     At the time of his request, Plaintiff had been employed with the Company for more than a year.

62.     At the time of his request, Plaintiff had worked more than 1250 hours in the previous respective years.

63.     Plaintiff suffered from a serious medical condition.

64.     Plaintiff was a qualified employee under the statute and entitled to FMLA.

65.     Plaintiff was denied the store transfer that Mr. Owen had initially been assisting with, then refused to help with after Plaintiff took FMLA leave.

66.     Mr. Owen's refusal to help and the transfer denial are related to Plaintiff's exercise of his FMLA rights.

6

67. Defendant's actions damaged Plaintiff.

68. As a result, Plaintiff is entitled to back pay, front pay, consequential damages, and attorneys' fees and costs.

### Count Two:  FMLA Retaliation

69. Plaintiff reincorporates all allegations in paragraphs 1-68, as well as the Introduction, as if fully set forth here.

70. Plaintiff engaged in protected activity when he requested to exercise his FMLA rights and when he took FMLA leave.

71. Once he returned from leave, his interview for the store transfer became an interrogation about his protected leave of absence.

72. Plaintiff was ultimately denied the transfer and suffered additional adverse action.

73. The transfer denial was a direct result of Plaintiff taking FMLA leave.

74. Defendant's actions were intentional.

75. Defendant's unlawful actions damaged Plaintiff.

76. Plaintiff is entitled to back pay, front pay, consequential damages, and his attorneys' fees and costs.

### Conclusion

**THEREFORE**, Plaintiff respectfully requests the following relief:

A. A judgment in his favor against the Defendant;

B. An award of back pay, front pay, and compensatory damages;

C. Injunctive relief against the Company to prohibit future violations of the FMLA;

D. Pre- and post-judgment interest on award;

E. Reasonable attorneys' fees and costs; and

F. All other appropriate equitable relief.

**DATED** this 23rd day of October, 2020.

7

1

2   **The Foster Group, PLLC**

3

4   /s/ *Megan Weides*

    Troy P. Foster

5   Megan Weides

    902 W. McDowell Road

6   Phoenix, Arizona 85007

    *Counsel for Plaintiff*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

8

Person/Attorney Filing: Megan Weides
Mailing Address: 902 W. Mcdowell Road
City, State, Zip Code: Phoenix, AZ 85007
Phone Number: (602)461-7990
E-Mail Address: mweides@thefosterlaw.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 033552, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Cody A. Sutton<br>Plaintiff(s),<br>v.<br>Target Corporation<br>Defendant(s). | Case No.<br><br>**CERTIFICATE OF<br>COMPULSORY ARBITRATION** |

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Maricopa County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.


RESPECTFULLY SUBMITTED this


By: Megan Weides /s/
    Plaintiff/Attorney for Plaintiff

AZturboCourt.gov Form Set 85082916

Person/Attorney Filing: Megan Weides
Mailing Address: 902 W. Mcdowell Road
City, State, Zip Code: Phoenix, AZ 85007
Phone Number: (602)461-7990
E-Mail Address: mweides@thefosterlaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 033552, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Cody A. Sutton
Plaintiff(s),                                   Case No.
v.
Target Corporation                              **SUMMONS**
Defendant(s).

To: Target Corporation

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
   Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

AZturboCourt.gov Form Set #5062916

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

AZturboCourt.gov Form Set #5082916

2

# EXHIBIT 3

1   Kristy L. Peters; AZ Bar No. 024756
    kpeters@littler.com
2   Kimberly G. Dennis; AZ Bar No. 029783
    kdennis@littler.com
3   LITTLER MENDELSON, P.C.
    Camelback Esplanade
4   2425 East Camelback Road, Suite 900
    Phoenix, AZ  85016
5   Telephone:   602.474.3600
    Facsimile:    602.957.1801
6
    Attorneys for Defendant
7

8               IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
9
                       FOR THE COUNTY OF MARICOPA
10

11
    CODY SUTTON, an individual,            Case No. CV2020-013484
12
                Plaintiff,                 **NOTICE TO ADVERSE PARTIES
13                                         OF REMOVAL TO FEDERAL
    v.                                     COURT**
14
    TARGET CORPORATION, a foreign          (Assigned to the Honorable James
15  corporation,                           Smith)

16              Defendant.                 (Complaint Filed 10/23/2020)

17

18          **TO:   CODY SUTTON AND HIS ATTORNEYS OF RECORD**

19          PLEASE TAKE NOTICE that on November 18, 2020, Defendant Target Corporation,

20  removed this action from this Court to the U.S. District Court for the District of Arizona.  A

21  copy of the Notice of Removal is attached as **Exhibit A**.

22          DATED this 18th day of November, 2020.

23
                                    *s/ Kristy L. Peters*
24                                  _____
                                    Kristy L. Peters
25                                  Kimberly G. Dennis
                                    LITTLER MENDELSON, P.C.
26                                  Attorneys for Defendant

27

28

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

1 | Original e-filed with the Clerk of the Court
2 | and electronically served via AZ TurboCourt this 18th day of November, 2020, to:
3 |
4 | Honorable James Smith
Maricopa County Superior Court Judge

5 | COPY of the foregoing emailed this 18th day of November, 2020, to:

6 |

7 | Troy P. Foster
tfoster@thefosterlaw.com
Megan N. Weides
8 | mweides@thefosterlaw.com
The Foster Group, PLLC
9 | 902 W. McDowell Road
Phoenix, AZ 85007
10 | *Attorneys for Plaintiff*

11 |

12 | *s/ Linda Bullis*

13 | 4818-3445-7042.1 052067.1655

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

# EXHIBIT 4

1  Kristy L. Peters; AZ Bar No. 024756
   kpeters@littler.com
2  Kimberly G. Dennis; AZ Bar No. 029783
   kdennis@littler.com
3  LITTLER MENDELSON, P.C.
   Camelback Esplanade
4  2425 East Camelback Road, Suite 900
   Phoenix, AZ  85016
5  Telephone:   602.474.3600
   Facsimile:   602.957.1801
6
7  Attorneys for Defendant

8
              **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
9
                   **FOR THE COUNTY OF MARICOPA**
10

11
                                        | Case No. CV2020-013484
12  CODY SUTTON, an individual,
                                        | **NOTICE TO STATE COURT OF**
13              Plaintiff,              | **REMOVAL TO FEDERAL COURT**

14  v.                                  | (Assigned to the Honorable James
                                        | Smith)
15  TARGET CORPORATION, a foreign
    corporation,                        | (Complaint Filed 10/23/2020)
16
                Defendant.
17

18       **TO:   CLERK OF THE SUPERIOR COURT OF ARIZONA, COUNTY OF**
         **MARICOPA:**
19

20         PLEASE TAKE NOTICE that on November 18, 2020, Defendant Target Corporation

21  removed this action from this Court to the U.S. District Court for the District of Arizona.  A

22  copy of the Notice of Removal is attached as **Exhibit A**.

23         DATED this 18th day of November, 2020.

24

25                                      _s/ Kristy L. Peters_
                                        Kristy L. Peters
26                                      Kimberly G. Dennis
                                        LITTLER MENDELSON, P.C.
27                                      Attorneys for Defendant

28

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

1    Original e-filed with the Clerk of the Court
     and electronically served via AZ
2    TurboCourt this 18th day of November,
     2020, to:
3
     Honorable James Smith
4    Maricopa County Superior Court Judge

5    COPY of the foregoing emailed this 18th
     day of November, 2020, to:
6
     Troy P. Foster
7    tfoster@thefosterlaw.com
     Megan N. Weides
8    mweides@thefosterlaw.com
     The Foster Group, PLLC
9    902 W. McDowell Road
     Phoenix, AZ  85007
10   *Attorneys for Plaintiff*

11
     *s/ Linda Bullis*
12   _____

13   4847-5192-3410.1 052067.1655

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

-2-